IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:23–CR–117 |
| vs. | ORDER |
| ALEXZANDRA BLANCO, | |
| Defendant. | |

Before the Court is the defendant's unopposed Motion to Continue Trial. Filing 144. In support of this Motion, defense counsel avers that a close relative of counsel has passed away, with a funeral date occurring during the January 14, 2025, scheduled trial. Defense counsel also states that discovery is necessary for the parties to either proceed to trial or come to a plea agreement. Further, defense counsel notes he has an upcoming eight- to ten-day state court trial that is scheduled for the two weeks following the currently scheduled trial date, such that defense counsel is not available. Filing 144.

The Court will reschedule the trial to accommodate the unfortunate personal circumstances of defense counsel with regard to the funeral counsel needs to attend. However, given the eleven continuances or extensions already given to the defendant in this case, the Court's schedule, the status of this case and the crime the defendant is charged with, and given defense counsel's lack of availability the rest of January, the Court will reschedule this trial to one week earlier than the previously scheduled date, on January 7, 2025.

The Eighth Circuit has stated, "Continuances are disfavored and should only be granted if the moving party has shown a compelling reason." *United States v. Nguyen*, 526 F.3d 1129, 1134 (8th Cir. 2008). Despite this, the defendant has received numerous extensions and continuations that have delayed progression in this case by many months. Filing 36; Filing 39; Filing 49;

1

Filing 51; Filing 53; Filing 57; Filing 82; Filing 87; Filing 101; Filing 117; Filing 127. None of these extensions or continuances were based on the undersigned judge's unavailability. The defendant now seeks a seventh continuance—after having received five extensions to the pretrial motion deadline—for a case originating in May 2023.

The Court had previously scheduled change-of-plea hearings to be held on May 15, 2024, May 31, 2024, June 21, 2024, August 8, 2024, September 5, 2024, October 4, 2024, and November 4, 2024. Notwithstanding the considerable resources dedicated to accommodating the defendant, the defendant's change of plea never came to fruition, and this case is currently scheduled to go to trial on January 14, 2025.

The Court notes that the defendant has a criminal history that includes drug- and violence-related crimes. Filing 8. The Court further notes that the defendant has been indicted for conspiring to distribute and possess with intent to distribute fentanyl resulting in serious bodily injury. Filing 25. If convicted of this crime, the defendant faces a mandatory minimum sentence of twenty years' incarceration. 21 U.S.C § 841(b)(1)(C). Despite her criminal history and the severity of her present charges, the defendant has been on release since March 2024. Filing 73. The Court cannot help but notice that cases with numerous continuances many times involve defendants who are on release but potentially facing long prison terms, if convicted.

As counsel are aware, pursuant to the way proceedings have traditionally been handled in the District of Nebraska, pretrial matters for criminal cases are handled by the magistrate judges, including trial continuances. *See* NECrimR 12.1. The Court notes that upon last review, the time to trial for criminal cases in this district in recent years has nearly doubled as compared to previous time to trial numbers. Over the past three years, the undersigned judge has been extremely vocal in his concern regarding this development and has taken numerous actions to have criminal cases

progressed in a timely manner. The undersigned judge has met or spoken with the magistrate judges who handle pretrial and trial continuances on numerous occasions. In response, the magistrate judges changed their process for scheduling criminal cases. The undersigned has also spoken in front of gatherings of defense counsel illustrating the need to stop the numerous continuances. After the undersigned worked on this important issue, the time to trial for criminal cases in his court actually went up, rather than came down, after the Court's efforts.

Despite the undersigned's considerable efforts to progress criminal cases in a timely matter, the Court is frustrated to once again be faced with a case that has been strung out this long. The Court is at a loss as to why this case was not immediately set for trial after the initial change of plea did not happen. Indeed, the Court understood this would be the standard procedure if a defendant did not go through with a plea. Instead, four continuances to a change of plea hearing were issued.

Both parties should understand the significant amount of extra work it takes for the Court staff to draft and enter no fewer than a dozen orders to continue or extend deadlines in this case. The Court has investigated other jurisdictions, and some jurisdictions rarely issue any continuances at all. The parties should also be aware of the significant problems numerous continuances causes with the trial judge having to schedule trials. The undersigned has noted in several public settings the difficulty associated with the uncertainty of whether a trial will actually occur that exists until shortly before the trial is scheduled to begin.

As noted, the Court will change the date of the trial given defense counsel's attendance at funeral or memorial services, which defense counsel states is scheduled for January 13 and 14, 2025. However, continuing this trial until February 2025 or later is inappropriate for the reasons

described above. As such, the Court will order that this trial be set for January 7, 2025. Accordingly,

    IT IS ORDERED:

1. The defendant's Motion to Continue, Filing 144, is denied to the extent a later date is sought, but granted such that a different trial date will be set to accommodate defense counsel; and

2. This case shall proceed to trial on January 7, 2025.

Dated this 26th day of December, 2024.

                                                       BY THE COURT:

                                                       Brian C. Buescher
                                                       United States District Judge